**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES A. RUSSELL,

    Petitioner,  : Case No. 3:15-cv-331

 - vs -       District Judge Thomas M. Rose
           Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Warren Correctional Institution

             :

    Respondent.

## REPORT AND RECOMMENDATIONS ON REMAND

   This habeas corpus case under 28 U.S.C. § 2254 is before the Court on remand from the Sixth Circuit Court of Appeals. *Russell v. Bunting*, 2018 U.S. App. LEXIS 3920 (6th Cir. Feb. 20, 2018). In its decision of the case, the Sixth Circuit reversed this Court's "decision that Russell procedurally defaulted his claim that appellate counsel provided ineffective assistance by failing to reassert that the aggravated robbery and felony murder convictions should have been merged for sentencing purposes[, and remanded the case] to the district court for initial consideration of the merits of this ineffective-assistance claim." 2018 U.S. App. LEXIS 3920 at *29. Counsel for both parties have briefed the remanded issue (ECF Nos. 41 & 42).

   At issue on remand is Petitioner's Fifth Ground for Relief, pleaded as follows:

> **Ground Five:** Ineffective assistance of Appellate counsel in violation of the 5th, 6th and 14th amendments.
>
> **Supporting Facts:** Appellate counsel failed to raise the strongest claims on appeal altering the outcome of the appeals as described in the numerous 26b applications filed in this case which violated

1

> this appellant's right to the effective assistance of counsel on appeal which results in a violation of this petitioner's 5th and 14th amendment rights.

(Petition, ECF No. 1, PageID 14.)

**Procedural History of Ground Five**

In the initial Report and Recommendations, the Magistrate Judge found this Ground for Relief "too vague to adjudicate" and recommended it be dismissed for failure to state a claim (Report, ECF No. 20, PageID 2617). On recommittal, the Magistrate Judge read Petitioner's Objections to say that he wanted to raise in habeas every claim of ineffective assistance of appellate counsel he had made in the Ohio R. App. P. 26(B) applications he had filed. There were twelve such omitted assignments of error in three separate 26(B) applications (Supplemental Report, ECF No. 24, PageID 2663-66). The relevant omitted assignment is the first assignment pleaded in the 26(B) application filed May 16, 2012, to wit, "The trial court erred when it failed to merger [sic] counts one and two for sentencing purposes." (State Court Record, ECF No. 7-2, PageID 1185-93). The Supplemental Report concluded this claim was procedurally defaulted based on how the Second District Court of Appeals disposed of the claim:

> The Second District denied the Delayed Application for Reopening on the ground that all of these new assignments of error were barred by the law of the case, since they all could have been raised on his prior appeal. *State v. Russell*, Case No. 24443 (2nd Dist. July 13, 2012)(copy at State Court Record, ECF No. 7-2, PageID 1204, et seq., citing *Beifuss v. Westerville Bd. Of Educ.*, 37 Ohio St. 3d 187 (1988). Russell offers no authority for the proposition that this decision is in error. The law of the case doctrine is well-recognized in both state and federal law. Its application here by the Second District is an adequate and independent ground of decision and thus bars habeas litigation of these claims.

2

(Supplemental Report, ECF No. 24, PageID 2664-65.) Russell made no specific objection to this procedural default analysis, but stated in conclusory terms "De novo review of the claims should occur and a writ granted. At the very least a COA should issue on this claim as this petitioner clearly received constitution [sic] ineffective assistance of appellate counsel in violation of the 6th Amendment." Judge Rose was unpersuaded and dismissed the petition without granting a certificate of appealability except as to as to Ground One[1] (Decision, ECF No. 27).

Russell moved to expand the certificate of appealability to include his remaining six grounds for relief. As to the twelve sub-grounds of Ground Five, the Sixth Circuit found the first four barred because Russell was not in custody on the judgment from his first trial. It then wrote:

> The district court found the remaining sub-claims without merit insofar as the Ohio Court of Appeals reasonably found them to be either barred by the law of the case doctrine or otherwise failing to meet the ineffective-assistance-of-counsel standard set forth in *Strickland v. Washington*, 466 U.S. 680 (1984). The Ohio Court of Appeals applied Ohio's law of the case doctrine to bar Russell's ineffective-assistance sub-claims that he could have raised, but failed to, in previous appeals. Reasonable jurists could not debate the district court's conclusion that this doctrine is an adequate and independent state rule that forecloses federal habeas relief absent the existence of cause and prejudice, see *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), which Russell has not shown.

(*Russell v. Bunting*, Case No. 16-4022 (6th Cir. Mar. 16, 2017)(Unreported; copy at ECF No. 32, PageID 2706-07).) The court denied the requested expansion and concluded "[t]he case will proceed on the single issue certified for appeal by the district court." *Id.* at PageID 2708.

Appointed counsel, who continues to represent Russell on remand, was able to change the circuit panel's mind. On May 30, 2017, it expanded the certificate of appealability, holding in relevant part:

---

[1] Ground One raised a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). That Ground is no longer in issue because the Sixth Circuit affirmed this Court's dismissal of that claim.

3

Russell seeks a COA to argue that his appellate counsel was ineffective for failing reassert his merger argument on his second direct appeal after the Ohio Supreme Court overruled the precedent used by the Ohio Court of Appeals to reject the argument during his first direct appeal. The Ohio Court of Appeals rejected Russell's ineffective assistance claim because it concluded that Russell's merger argument was foreclosed by the law of the case doctrine. The district court concluded that no reasonable jurist could debate whether Russell's claim was procedurally defaulted, because the law of the case doctrine is an adequate and independent state law ground sufficient to trigger a procedural default. However, we agree with Russell that reasonable jurists could debate whether his claim is procedurally defaulted. Generally speaking, Ohio's law of the case doctrine does not apply where "there has been an intervening change of law by a controlling authority[,]" as there was here. *State v. Apanovitch,* 64 N.E.3d 429, 438 (Ohio Ct. App. 2016) (internal quotation marks omitted). Reasonable jurists could thus debate whether the Ohio Court of Appeals correctly applied Ohio's law of the case doctrine. And, of course, a state court's incorrect invocation of a procedural rule to deny a prisoner's claim cannot prevent that claim from being reviewed by a federal habeas court. See, e.g., *Durr v. Mitchell*, 487 F.3d 423, 434–35 (6th Cir. 2007).

Moreover, we agree with Russell that reasonable jurists could debate whether his appellate counsel was ineffective for failing to re-raise his merger argument. We note that Russell's claim is not subject to AEDPA deference because the Ohio Court of Appeals never addressed it on the merits. See, e.g., *Trimble v. Bobby*, 804 F.3d 767, 777 (6th Cir. 2015)("Where a state court has not adjudicated a claim on the merits, the issue is reviewed de novo by a federal court on collateral review."). In order to prove ineffective assistance of counsel, Russell must therefore show that his counsel's performance was objectively deficient, and that this alleged deficiency caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Ohio Court of Appeals has recognized that [*State v.*] *Johnson*[, 128 Ohio St.3d 153 (2010)] abrogated the reasoning it used to deny Russell's merger claim in his first direct appeal. *State v. McGail*, 55 N.E.3d 513, 536 (Ohio Ct. App. 2015) ("The State's reliance on *Russell* is unpersuasive . . . because the opinion in that case predated *Johnson* . . . in which the Ohio Supreme Court explicitly rejected the . . . approach used in *Russell*."). It has also required a defendant's aggravated robbery and felony murder convictions to be merged in a substantially similar case utilizing the *Johnson* approach. *Id.* at 533–34. Accordingly, because there is a strong possibility that the Ohio Court of Appeals would have merged Russell's aggravated robbery and felony murder convictions if Russell's counsel had re-

4

>raised the merger argument, reasonable jurists could debate whether
>Russell's counsel was ineffective for failing to do so.

*Russell v. Bunting,* Case No. 16-4022 (6th Cir. May 30, 2017)(unreported, copy at ECF No. 34, PageID 2716-17).

In its ultimate decision on the appeal, the Sixth Circuit again concluded that the Second District Court of Appeals' law of the case holding was wrong because that doctrine "is inapplicable when 'there has been an intervening change of law by a controlling authority.'" *Russell v. Bunting*, 2018 U.S. App. LEXIS 3920 *26, citing *State v. Apanovitch*, 64 N.E. 3d 429 (8th Dist. May 5, 2016), and relying on *State v. Johnson*, 128 Ohio St. 3d 153 (2010), as the intervening change of law by a controlling authority. Despite having noted a "strong possibility" that Russell's merger argument would have been successful, the Sixth Circuit declined to decide that question but remanded for this Court to review the merits of the ineffective assistance of appellate counsel claim. 2018 U.S. App. LEXIS at *28-29.

# Analysis

Russell's claim is that on his third appeal[2] his attorney provided ineffective assistance of appellate counsel by failing to argue that his aggravated robbery and felony murder convictions should have been merged under Ohio Revised Code § 2941.25. That claim had been raised in the trial court before judgment was entered after the second trial. Although the claim was rejected by the trial court, it was thus preserved for appeal. On appeal, the Second District rejected that claim as well. *State v. Russell*, 2010-Ohio-4765, 2010 WL 3835645 (2nd Dist. Oct. 1, 2010)(Brogan,

---

[2] The complex procedural history of this case is recited in the Sixth Circuit's opinion and need not be repeated here.

5

J.)("*Russell I*"). The court used the comparison-of-elements test then mandated by *State v. Rance*, 85 Ohio St. 3d 632 (1999), and concluded that the felony murder and aggravated robbery offenses in this case are not allied offense of similar import to be merged under Ohio Revised Code § 2941.25. *Id.* at ¶¶ 35-61.

Shortly after this decision, the Ohio Supreme Court overruled *Rance* in *Johnson, supra,* at ¶¶ 8, 44. Under *Johnson* a trial court must determine whether the two offenses before it **can** be committed by the same conduct and then whether the two offenses **were** committed by the same conduct.

> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Johnson, supra,* at ¶¶ 50-51.

This case had been remanded by the Second District for further hearing on the *Batson* issue. Having lost on that issue, Russell again appealed, but his attorney omitted the merger assignment of error that is at issue here. Russell claimed that omission was ineffective assistance of appellate counsel in a 26(B) application filed May 22, 2012 (State Court Record, ECF No. 7-2, Ex. 50). In the Application, he called the Second District's attention to *Johnson*. *Id.* at PageID 1189.

The Second District on July 13, 2012, rejected the application, holding:

> We conclude that the additional errors Russell wishes to assign . . .are all barred by the law of this case. They all could have been assigned, and one proposed error was actually assigned, in previous appeals, before the appeal that Russell seeks to reopen. Therefore his assigned counsel was not ineffective for having failed to assign them.

6

> \* \* \*
>
> Because all of the errors that Russell claims his appellate counsel should have assigned in this, his third appeal could have been assigned as error in his second appeal, they are barred by the law of this case. *Beifuss v. Westerville Bd. of Educ.*, 37 Ohio St.3d 187, 191, 525 N.E.2d 20 (1988). In *Russell III*, we remanded this cause with a limited mandate to the trial court to conduct a full Batson hearing. Consequently, the scope of this subsequent appeal is limited to whether the trial court complied with that mandate. Because the errors Russell contends that his appellate counsel should have assigned are outside the scope of this appeal, his counsel was not ineffective for having failed to assign them.

*State v. Russell*, Case No. 24443 (2nd Dist. Jul. 13, 2012)(unreported; copy at ECF No. 7-2, PageID 1204, et seq.). The Court did not discuss *Johnson*.

This Court upheld the Second District's reliance on Ohio law of the case doctrine to find this ineffective assistance of appellate counsel claim procedurally defaulted. (Supplemental Report, ECF No. 24, PageID 2664-65.) The Sixth Circuit, applying Ohio law, has now held this was error.

The Sixth Circuit's decision on this point is debatable among reasonable jurists. As its authority for Ohio law of the case doctrine, the Sixth Circuit relied on *State v. Apanovitch,* 2016-Ohio-2831, 64 N.E.3d 429 (8th Dist. 2016). In *Apanovitch* the Eighth District upheld a trial court's failure to apply the law of the case, citing its own prior holding in *State v. Larkins,* 2006-Ohio-90, 2006 Ohio App. LEXIS 80 (8th Dist. Jan. 12, 2006), that

> The law of the case doctrine is discretionary in application, subject to three exceptions: (1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice.

*Larkins* at ¶ 30, citing *United States v. Becerra,* 155 F.3d 740, 752-53 (5th Cir. 1998). The Sixth Circuit did not explain how it was applying *Apanovitch* to find the Second District was wrong on

7

the Ohio law of the case doctrine. Certainly the Second District itself was not wrong in failing to apply *Apanovitch* because (1) the Second District is not bound by precedent from the Eighth and (2) *Apanovitch* was decided nearly four years after the Second District decided the relevant 26(B) application.

On the other hand, the authority actually cited by the Second District, *Beifuss v. Westerville Bd. of Educ.*, 37 Ohio St.3d 187, 191 (1988), is a binding precedent of the Ohio Supreme Court on the precise law of the case issue involved here, to wit, whether failure to raise an assignment of error on a prior appeal bars a party from raising the issue in a subsequent appeal.

A federal habeas court is generally bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018)(Thapar, J., concurring).

Whether the Sixth Circuit was correct in its assessment of Ohio law of the case doctrine, this Court is bound by the mandate rule to accept the Sixth Circuit's decision on this point and the Magistrate Judge recommends that the Court do so. This does not, however, preclude the Second District from reconsidering the law of the case question on a new appeal.

Assuming, as this Court must, that the Sixth Circuit was correct on Ohio law of the case

doctrine, did counsel provide ineffective assistance of appellate counsel by failing to raise the merger question on the third appeal? This Court must decide that issue *de novo* because there is no Ohio court decision on the merits of this question.

The standard for deciding this question is provided by *Strickland v. Washington,* 466 U.S. 668 (1984), modified for the appellate context. The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999). Stated differently, failure to raise a significant and obvious claim can amount to reversible error. *Mapes v. Tate*, 388 F.3d 187, 192 (6th Cir. 2004).

Petitioner's argument is straightforward: by the time of the third appeal, *Johnson* had become the controlling law on merger of offenses under Ohio Revised Code § 2941.25. If *Johnson* had been cited, the Second District would have ordered the trial court to merge the aggravated robbery and felony murder counts which would in turn have resulted in a reduced sentence.

*Johnson* was decided in December 2010, and overruled *Rance*, on which the Second

District had relied in denying merger on the first appeal. Russell's Brief on the third appeal was filed August 15, 2011, seven months after *Johnson* was decided (State Court Record, ECF No. 7-2, Ex. 44, PageID 988 et seq.) Although the Second District did not discuss *Johnson* in either its decision of the third appeal or its decision on Russell's 26(B) application pointing out the omission, it later recognized that *Johnson* precluded the approach to Ohio Revised Code § 2941.25 it had taken on the first appeal. *State v. McGail*, 2015-Ohio-5384, 55 N.E.3d 513, ¶¶ 58-63 (2nd Dist. Dec. 22, 2015). Furthermore in *McGail* it merged aggravated robbery and felony murder convictions under that statute.

Respondent notes that *Johnson* has been "abrogated" by the Ohio Supreme Court (Supplemental Brief, ECF No. 42, PageID 2769), citing *State v. Ruff*, 143 Ohio St. 3d 114 (2015), and *State v. Earley*, 145 Ohio St. 3d 281 (2015). The *McGail* court found that *Ruff* and *Earley* "did not alter *Johnson*'s rejection of the abstract-comparison approach used in *Russell*." *McGail*, 2015-Ohio-5384 at ¶ 59. Applying *Ruff*, the panel concluded that the felony murder and aggravated robbery in that case were not of dissimilar import because the harm resulting from each of the two offenses was the same, the victim's loss of life. *Id.* at ¶ 62.

Respondent argues raising the merger issue on the third appeal would not likely have changed the outcome because on Russell's second appeal the Second District "actually considered the precise factors as would be subsequently set forth in *Johnson*'s progeny, *Ruff* and *Easley*, and found that the legislature intended the offenses to be punished separately because they result in separate harm." (Supplemental Brief, ECF No. 42, citing *State v. Russell*, 2010-Ohio-4765, ¶¶ 59-61, 2010 WL 3835645 (2nd Dist. Oct. 1, 2010). This is a fair reading of what the Second District did in *Russell I*. It is consistent with what that court did in *McGail* where it found the aggravated robbery and murder offenses did merge because they did not result in separate harms to the victim.

10

And this appears to be the law of the case that the Second District relied on in denying Russell's May 2012 Rule 26(B) application. However, in language binding under the mandate rule, the Sixth Circuit has ruled the Second District was wrong as a matter of Ohio law in applying the Ohio law of the case doctrine here.

Respondent also argues Russell suffered no prejudice because *Johnson* has not remained the law (Supplemental Brief, ECF No. 42, relying on *Lockhart* v. *Fretwell*, 506 U.S. 364 (1993)). In that case a capital habeas petitioner obtained habeas relief on a claim his trial attorney provided ineffective assistance of trial counsel by not making a particular objection. The Supreme Court reversed, holding the petitioner suffered no prejudice as required by *Strickland* when his counsel did not make the objection because the decision on which the objection would have been grounded had been overruled. In doing so, it held prejudice analysis "without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." 506 U.S. at 369.

The Warden's argument is persuasive to the Magistrate Judge. If the Second District had applied *Johnson* alone in the third appeal, which it might well have done given the confusion in this area of Ohio law, and thereby reduced *Russell*'s sentence, he would have been given the benefit of a rule that was not to last. Applying the analysis that the Second District applied in *McGail*, it is unlikely that the court would have merged the aggravated robbery and murder convictions because it had already made the decision that the General Assembly intended to punish these two offenses separately in the 2010 *Russell I* decision.[3] It is possible that in 2010 without the benefit of *Ruff* and *Earley*, the Second District would have applied only the *Johnson* course-of-conduct test and under that test Russell does well. But, per *Lockhart*, he is not entitled to have *Johnson*

---

[3] I.e., in that part of the 2010 *Russell I* decision that anticipates *Ruff* and *Earley*, not that part that relied on the *Rance* comparison of elements analysis. It is this latter portion of the 2010 *Russell I* decision that the Second District repudiated in *McGail*.

11

applied without consideration of the law that has intervened since 2010.

Because Ground Five fails on the prejudice prong of the *Strickland* analysis, it is not necessary to analyze the deficient performance prong.

**Conclusion**

It is therefore respectfully recommended that the Court conclude Russell did not suffer ineffective assistance of appellate counsel from omission of the merger argument on the third appeal because he has not been prejudiced by the omission. Ground Five, the remanded ground for relief, should be dismiss with prejudice. However, given the changing course of Ohio law in interpreting Ohio Revised Code § 2945.71, Petitioner should be granted a certificate of appealability on the issue of whether he suffered prejudice by the omission.

May 29, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).