# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES A. RUSSELL,

     Petitioner,    :  Case No. 3:15-cv-331

  - vs -           District Judge Thomas M. Rose
                Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Warren Correctional Institution

             :

     Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON REMAND

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on remand from the Sixth Circuit Court of Appeals. *Russell v. Bunting*, 722 Fed. App'x 539, 2018 U.S. App. LEXIS 3920 (6th Cir. Feb. 20, 2018).

The victim in this case had made an appointment for sex with Candace Hargrove, a prostitute who was Petitioner Russell's girlfriend. Hargrove and Russell decided to rob the victim instead. When Russell went with a gun to accomplish that end, he shot and killed the victim. Russell was tried, convicted, and sentenced for aggravated robbery and felony murder. He claims he received ineffective assistance of appellate counsel when his attorney on his third appeal[1] omitted as an assignment of error that the trial court erred when it failed to merge those counts for sentencing purposes. The Second District Court of Appeals found this claim was barred by the law of the case from a prior appeal and this Court dismissed the claim as procedurally defaulted.

---

[1] The complex procedural history of this case is recited in earlier filings and does not bear on the issue presently before the Court.

1

The Sixth Circuit found the Second District had misapplied Ohio law of the case doctrine, set aside the procedural default finding, and remanded for a decision on the merits of Ground Five. *Russell, supra*, at \*550-52.

The Magistrate Judge then recommended that the Court dismiss the ineffective assistance of appellate counsel claim (Ground Five) on the merits because Russell suffered no prejudice from his counsel's failure to make the omitted argument (Report, ECF No. 43, PageID 2800). Petitioner objected (ECF No. 46), Judge Rose recommitted the case for reconsideration in light of the Petitioner's Objections (ECF No. 47), and the Warden has responded to Petitioner's Objections (ECF No. 48).

# Analysis

The relevant standard for judging an ineffective assistance of counsel claim is that provided by *Strickland v. Washington,* 466 U.S. 668 (1984). Essentially a complaining habeas applicant must show that his attorney performed deficiently and that he was prejudiced by that deficient performance. Because Russell's claim is ineffective assistance of appellate counsel, his remedy if he were successful in habeas would be a new appeal to the Ohio Second District Court of Appeals in which that court would have to decide whether the aggravated robbery and felony murder convictions should merge under Ohio Revised Code § 2941.25, Ohio's allied offenses statute.

When the merger argument was first before them, the Second District denied it, applying the then-controlling precedent, *State v. Rance,* 85 Ohio St. 3d 632 (1999). *State v. Russell*, 2010-Ohio-4765, 2010 WL 3835645 (2nd Dist. Oct. 1, 2010). When the claim came back to them in 2012

as an omitted assignment of error on an Ohio R. App. P. 26(B) application, they rejected it on the law of the case grounds which were in turn rejected by the Sixth Circuit.

At the time Russell's third appeal was before the Second District, the controlling precedent for applying Ohio Revised Code § 2941.25 was *State v. Johnson*, 128 Ohio St. 3d 153 (2010). The Second District has recognized that its rationale in rejecting Russell's merger argument was overruled by *Johnson. State v. McGail,* 2015-Ohio-5384, 55 N.E. 2d 513 (2nd Dist. 2015), appellate jurisdiction declined, 145 Ohio St. 3d 1460 (2016). Noting *McGail*, the Sixth Circuit expanded the certificate of appealability to include this issue, finding that "there is a strong possibility that the Ohio Court of Appeals would have merged Russell's aggravated robbery and felony murder convictions if Russell's counsel had re-raised the merger argument[;] reasonable jurists could debate whether Russell's counsel was ineffective for failing to do so." *Russell v. Bunting*, Case No. 16-4022 (6th Cir. May 30, 2017)(unreported; copy at ECF No. 34, PageID 2717).

Without expressly holding that failure to cite *Johnson* in support of a merger argument was deficient performance, the Report concedes, "[i]t is possible that in 2010 without the benefit of *Ruff* and *Earley,*[2] the Second District would have applied only the *Johnson* course-of-conduct test and under that test Russell does well." (ECF No. 43, PageID 2799.) This statement essentially assumes *arguendo* the deficient performance prong of *Strickland*.

The Report then proceeded to analyze the prejudice prong of *Strickland* and found there was no prejudice because "*Johnson* has not remained the law." *Id.* at PageID 2799-800. As Respondent has asserted, Russell is not entitled to the benefit of *Johnson* "without consideration of the law that has intervened since 2010." *Id.* at 2800, relying on *Lockhart* v. *Fretwell*, 506 U.S.

---

[2] *State v. Ruff*, 143 Ohio St. 3d 114 (2015), and *State v. Earley*, 145 Ohio St. 3d 281 (2015).

3

364 (1993).

Petitioner does not dispute the principle underlying *Lockhart*, but claims he would be entitled to merger of his aggravated robbery and felony murder convictions under the post-*Johnson* law in Ohio. He relies on *State v. Ruff*, 2015-Ohio-3367 (1st Dist. Aug. 21, 2015). In that case the defendant had broken into the homes of three different women and raped them. On Ruff's first appeal, the First District had merged each aggravated burglary with the associated rape conviction. The Supreme Court of Ohio reversed and remanded for the First District to consider whether aggravated burglary and rape were offenses of similar import. *State v. Ruff*, 143 Ohio St. 3d 114 (2015). In the course of reaching its conclusion, the Supreme Court had held generally:

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. In a divided opinion, the First District held the offenses met the "similar import" requirement because the harm that elevated the burglary offenses to aggravated burglary was the same harm the victims suffered in being raped. Judge Stautberg in dissent reasoned that the harm involved in an aggravated burglary was directed to the property trespassed upon and a person could not be convicted twice of aggravated burglary if the structure was occupied by multiple persons. "Rape, by contrast, is a personal crime." *Id.* at ¶ 32. The Ohio Supreme Court declined to hear the case a second time, so we do not know which of those positions it might have endorsed. *State v. Ruff*, 144 Ohio St. 3d 1478 (2016).

The Objections assert other Ohio appellate courts have reached conclusions similar to that on remand in *Ruff*, citing *State v. Smith*, 2016 WL 7158601, at *9-10 (8th Dist. Dec. 8, 2016)(rape and kidnapping offenses were allied, even though rape obviously involves a harm in addition to

that of kidnapping; *State v. Echols*, 2015 WL 8484088, at *8-10 (8th Dist. Dec. 10, 2015) (similar); *State v. Phelps,* 2016 WL 3569939, at *2-3 (1st Dist. Feb. 26, 2016)(aggravated robbery and felonious assault offenses were allied, even though aggravated robbery involves a harm additional to that of felonious assault); *State v. High*, 2017 WL 1231725, at *6 (5th Dist. Mar. 31, 2017) (similar); *State v. Phipps*, 2016 WL 715722, at *3-7 (10th Dist. Feb. 23, 2016)(aggravated robbery and kidnapping offenses were allied, even though aggravated robbery involves a harm additional to that of kidnapping); *In re A.G.*, 2016 WL 4591890, at *2-3 (8th Dist Sept. 1, 2016) (similar). Petitioner objects that the Report did not analyze this case law (Objections, ECF No. 46, PageID 2821).

In response, the Warden notes that Petitioner made no attempt to deal with a large body of case law from the Second District which is cited to show "the Second District Court of Appeals has consistently employed the three-pronged test of State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, including evaluating actual harm sustained by a victim, when determining whether two offenses are to be considered allied offenses of similar import under" Ohio Revised Code § 2941.25. (Response, ECF No. 48, at PageID 2829-30, citing *State v. McGail*, 2015-Ohio-5384, ¶ 60; *State v. Williams*, 2018-Ohio-1647, ¶22 (2nd Dist. Apr. 17, 2018); *State v. Dean*, 2018-Ohio-1317, ¶60 (2nd Dist. Apr. 6, 2018); *State v. Setty*, 2017-Ohio-9059, ¶15 (2nd Dist. Dec. 15, 2017); *State v. Harmon*, 2017-Ohio-8106, ¶58 (2nd Dist. Oct. 6, 2017); *State v. Jordan*, 2017-Ohio-5827, ¶6 (2nd Dist. Jul. 14, 2017); *State v. Johnson*, 2017-Ohio-5498, ¶33 (2nd Dist. Jun. 23, 2017); *State v. Pope*, 2017-Ohio-1308, ¶¶ 32-33 (2nd Dist. Apr. 7, 2007); *State v. Hazley*, 2016-Ohio-7689, ¶15 (2nd Dist. Nov. 10, 2016); *State v. Glenn*, 2016-Ohio-4887, ¶29 (2nd Dist. Jul. 8, 2016); *State v. Trigg*, 2016-Ohio-2752, ¶13(2nd Dist. Apr. 29, 2016); and *State v. Wood*, 2016-Ohio-143, ¶62 (2nd

Dist. Jan. 15, 2016).[3]

In *McGail*, the Second District ordered the merger of defendant's aggravated robbery and murder convictions because the firearm discharged accidentally during a struggle between defendant and victim which indicated there was no intent to kill separate and apart from the intent to rob, and the offenses were not committed separately with a separate animus or with separate victims.

In *Williams* the Second District refused to merge a murder conviction with a count of discharging a firearm on or near prohibited premises because although the same gunshot violated both criminal prohibitions, because the murder statute required harm to a particular person whereas the firearm statute was intended to protect the public at large.

In *Dean* the Second District refused to merge convictions for assault, resisting arrest, and felonious assault because there were two victims and the two assaults were separately committed.

In *Setty* the Second District refused to merge convictions for child endangerment and aggravated drug possession because they were based on different conduct and had a different import.

In *Harmon* the Second District refused to merge convictions for aggravated burglary and felonious assault because the crimes were committed separately: the burglary, although intended to facilitate the shooting of the victim, was complete before the shooting occurred.

In *Jordan* the defendant was convicted of touching the breast and vagina of both his granddaughter and her friend. The Second District refused to merge the offenses as to each victim because, although they were part of the same assaultive event, they were "separate acts, each with a distinct significance or import." *Id.* at ¶ 11.

---

[3] This Court denied Wood habeas relief because he did not appeal to the Ohio Supreme Court. *Wood v. Warden*, 2017 U.S. Dist. LEXIS 168317, 2017 WL 4570295 (S.D. Ohio Oct. 11, 2017).

In *Johnson* the Second District refused to merge two felonious assault counts because they involved separate victims.

In *Pope* the Second District refused to merge convictions for operating a motor vehicle under the influence of alcohol and a contemporaneous transporting a firearm while intoxicated, holding the harms involved were separate and identifiable.

In *Hazley*, the Second District refused to merge aggravated burglary and felonious assault convictions where the burglary was committed with the purpose of inflicting physical harm on the occupant to force him to give Hazley money and the felonious assault was committed when she actually hit him; the offenses were found to have been committed with a separate animus.

*Glenn* is not relevant because the Second District found there was no actual sentence imposed on the second conviction.

In *Trigg*, the Second District ordered the merger of felonious assault and domestic violence convictions where defendant punched his girlfriend in the fact and the harm from each offense was not "separate and identifiable." 2016-Ohio-2752 at ¶ 14.

In *Wood* the Second District held that there could be separate convictions for grand theft auto and aggravated murder on the principle that "[a] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." 2016 WL 197092 at ¶62, citing *Ruff*, 2016-Ohio-995 at ¶ 23.

The Magistrate Judge finds it unnecessary to discuss the cases from the First, Fifth, Eighth, and Tenth District Courts of Appeals cited by Petitioner because the Second District is not bound by precedent adopted in those courts. Reviewing the case law cited by Respondent, however, the Magistrate Judge is persuaded there is a reasonable probability that the Second District might grant

relief on Russell's claim under Ohio Revised Code § 2941.25. It is true that the Second District

has consistently cited from and purported to follow the Ohio Supreme Court's decision in *Ruff,*

*supra*. However, as it has done so, the application has resulted in the diverse results cited above.

That is not unexpected because the Supreme Court in *Ruff* held this issue must be decided on a

case-by-case basis.

This case comes closest to *McGail* in that there was only one victim and the facts do not

suggest that there was a separate animus for the killing, but rather that the weapon discharge was

accidental. Respondent's argument that there was separate harm, specifically that the victim's car

was stolen, is unpersuasive as the grand theft auto charge is not sought to be merged.

Accordingly, the prior Report is WITHDRAWN. The Magistrate Judge respectfully

recommends that Russell be granted a writ of habeas corpus conditioned on his being alloweda

new appeal to the Second District within 180 days at which the assignment of error seeking merger

of the felonious assault and murder convictions is presented to that court.

July 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Such objections shall specify the portions of the Report objected to and
shall be accompanied by a memorandum of law in support of the objections. If the Report and
Recommendations are based in whole or in part upon matters occurring of record at an oral hearing,
the objecting party shall promptly arrange for the transcription of the record, or such portions of it
as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).