# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. RUSSELL,

        Petitioner,      :      Case No. 3:15-cv-331

  - vs -                      District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
  Warren Correctional Institution

                            :

        Respondent.

## SUPPLEMENTAL SUBSTITUTED REPORT AND RECOMMENDATIONS ON REMAND

      This habeas corpus case under 28 U.S.C. § 2254 is before the Court on remand from the Sixth Circuit Court of Appeals. *Russell v. Bunting*, 722 Fed. App'x 539, 2018 U.S. App. LEXIS 3920 (6th Cir. Feb. 20, 2018). In a Substituted Report and Recommendations, the Magistrate Judge recommended that Petitioner be granted a writ of habeas corpus conditioned on his being allowed a new appeal to the Ohio Second District Court of Appeals within 180 days of the judgment of this Court at which the assignment of error at issue in the remand – whether Petitioner's aggravated robbery and murder convictions should be merged under Ohio Revised Code § 2941.25 – is submitted to that Court (Substituted Report, ECF No. 49, PageID 2841; Notation Order granting amendment to Substituted Report, ECF No. 51).

      Respondent filed extensive Objections to the Substituted Report (ECF No. 52) to which Petitioner has replied (ECF No. 54). District Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 53).

1

# Analysis

Respondent's Objections invite this Court to decide the state law question whether the felony murder and aggravated robbery convictions in this case should merge under Ohio Revised Code § 2941.25. Respondent concedes that the Second District did not decide Russell's ineffective assistance of appellate counsel claim on the merits, but argues this Court should overlook that fact because "the underlying predicate issue of whether Russell's offenses would have merged is a matter of state law that was adjudicated on its merits." (Objections, ECF No. 52, PageID 2847, citing the decision on Russell's first state court appeal, *State v. Russell,* 2010-Ohio-4765 (2nd Dist. Oct. 1, 2010).) But when the Second District itself relied on its prior conclusion of non-merger in Russell's third appeal, the Sixth Circuit held the state appellate court had misapplied Ohio's law of the case doctrine. *Russell v. Bunting*, Case No. 16-4022 slip op. at 19 (6th Cir. Feb. 20, 2018)(unpublished, copy at ECF No. 36, PageID 2731). The Magistrate Judge does not believe the **federal** law of the case doctrine, and particularly the mandate rule, allows this Court to ignore the Sixth Circuit's decision and decide anew that the 2010 decision is binding. As the Sixth Circuit noted, "Ohio's law-of-the-case doctrine is inapplicable when 'there has been an intervening change of law by a controlling authority.'" *Id.* at PageID 2737, citing *State v. Apanovitch*, 2016-Ohio-2831, 64 N.E.3d 429, 438 (Ohio Ct. App. 8th Dist. 2016). In other words, whether the Sixth Circuit is correct or not in its analysis of Ohio law-of-the-case doctrine, it has made its decision on that point in this case and issued its mandate.

Respondent also argues that "[u]nder [*State v.*] *Johnson* [128 Ohio St. 3d 153, 2010-Ohio-6314] and its progeny, the Second Appellate District Court of Appeals for Montgomery County Ohio would not likely have merged Mr. Russell's aggravated robbery and felony murder

2

convictions." (ECF No. 52, PageID 2848). But this argument elides the finding of the Sixth Circuit in granting a certificate of appealability on this issue that "there is a strong possibility that the Ohio Court of Appeals would have merged Russell's aggravated robbery and felony murder convictions if Russell's counsel had re-raised the merger argument," (quoted at Objections, ECF No. 52, PageID 2846-47, n.2). A ruling on a certificate of appealability constitutes the law of the case, binding in subsequent stages of the litigation. *Dillingham v. Jenkins,* Case No. 17-3813 (6th Cir. Nov. 8, 2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

This argument is also undermined by the Second District's recent ruling in *State v. Ramey,* 2018 WL 3702299 (2nd Dist. Aug. 3, 2018). In that case, the Second District held that aggravated burglary and felony murder counts would merge because the harm resulting from the felonious assault was not separate and identifiable from the harm caused by the aggravating element of the aggravated burglary. *Id*. at ¶¶ 11-22. In doing so, the Second District adopted the reasoning of the First District in *State v. Ruff,* 2015-Ohio-3367 (1st Dist. 2015).

Having argued at length why the non-merger of the robbery and murder convictions in this case is proper, Respondent concludes, "[t]he relevant and determinative factor in the realm of allied offense law remains a state-law issue of legislative intent of Ohio's rule makers." (Objections, ECF No. 52, PageID 2862.) The Magistrate Judge agrees, but the appropriate court to decide that question, given the complexities of Ohio case law since Russell's first appeal, is the Second District Court of Appeals, not this Court.

Respondent concludes the Objections by arguing at length that the Sixth Circuit was wrong on the issue of procedural default (Objections, ECF No. 52, PageID 2864-70). Whether that might be true as an abstract proposition of law, the Sixth Circuit's decision on that question is the law of

this case. A District Court on remand has no warrant to ignore clear holdings of the remanding court. Correction of the circuit court's errors, if any occurred, must be made in that court or in the Supreme Court.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge adheres to his prior recommendation: this Court should issue a writ of habeas corpus conditioned on Russell's being allowed a new appeal to the Ohio Second District Court of Appeals within 180 days of the judgment of this Court in which the assignment of error at issue in the remand – whether Petitioner's aggravated robbery and murder convictions should be merged under Ohio Revised Code § 2941.25 – is presented for decision.

November 13, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this

procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).